SUPREME JUDICIAL COURT 
 
 BHARANI PADMANABHAN vs. LORETTA COOKE

 
 Docket:
 SJC-13618
 
 
 Dates:
 October 31, 2024
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Practice, Civil, Action in nature of certiorari.
 
 

       The petitioner, Bharani Padmanabhan,
appeals from a judgment of a single justice of the county court denying his
emergency petition for relief in the nature of certiorari pursuant to
G. L. c. 249, § 4.  We
affirm.
      In 2017, the petitioner commenced an
action against the respondent in the Superior Court claiming slander; libel;
intentional infliction of emotional distress; malicious prosecution and abuse
of process; and tortious interference with employment and professional licensing.  Numerous times during the course of the trial
court proceedings the petitioner sought to have the Attorney General
"disqualified" from representing the respondent, including in this
court.  See Padmanabhan v. Cooke,
483 Mass. 1024, 1025 (2019) (detailing petitioner's various efforts
to have the Attorney General disqualified and affirming single justice's denial
of G. L. c. 249, § 4, petition). 
Notwithstanding the fact that his several motions and petitions in the
trial court, the Appeals Court, and this court were unsuccessful, he has
continued to press the issue.  In his
most recent certiorari petition, he again sought to have the Attorney General
disqualified.  He also argued that the
trial court has not been "neutral" toward him and has, among other
things, tampered with an audio recording of a hearing in that court.  The single justice denied the petition
without a hearing, and the petitioner appeals.
      While the petitioner's appeal has been
pending, the jury trial on his underlying claims against the respondent took
place over the course of three days.  The
jury found in favor of the respondent. 
To the extent that the petitioner sought relief, via the certiorari petition,
in connection with the trial court proceedings, the petition is moot.  Even if the petition was not moot, however,
the petitioner would fare no better. 
Notwithstanding his arguments to the contrary, he has not, and cannot,
demonstrate that his claims are not otherwise reviewable on appeal.  See Padmanabhan, 483 Mass. at 1025,
quoting G. L. c. 249, § 4 ("Certiorari review is designed to
'correct errors in proceedings which are not . . . otherwise
reviewable by motion or by appeal'"). 
There is no reason why, for example, the petitioner cannot, in a direct
appeal from the judgment, seek review of the trial court's denial of his motion
to disqualify the Attorney General or of his claims that someone tampered with
an audio recording in the trial court.  
      The single justice did not abuse his
discretion or commit other error of law in denying relief under G. L. c. 249, §
4.[1]
Judgment
affirmed.
      The case was submitted on briefs.
      Bharani Padmanabhan, pro se.

footnotes

[1] After filing
his brief in this court, the petitioner filed a motion to expedite his appeal,
which the court denied.  He then filed a
second motion to expedite his appeal; a motion to declare that the respondent,
who has not filed a brief, has forfeited argument; an emergency motion asking
the court to declare that the appeal to this court was misclassified on the
docket and asking for reclassification; and two motions to expedite
consideration of his earlier motions. 
The motions are denied.